IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**BANK OF AMERICA, N.A.**                                                                 **PLAINTIFF**

**V.**                                               **CIVIL ACTION NO. 3:16-cv-00177-MPM-SAA**

**ISMILE FAMILY DENTISTRY, INC.**
**and LASHUNDA THOMPSON ROBERTS**                              **DEFENDANTS**

**ORDER**

This cause comes before the court on the motion of plaintiff Bank of America, N.A. ("BoA") for default judgment. Defendants Lashunda Thompson Roberts and iSmile Family Dentistry, Inc. ("iSmile") have responded in opposition to the motion. This court, having considered the submissions of the parties, concludes that the motion is not well taken and should be denied.

This is a breach of contract action in which plaintiff has sued defendants for failure to repay loans incurred in operating a Southaven dentist's office. In the present motion, plaintiff seeks a default judgment based upon defendants' failure to file an answer to the complaint. In opposing the motion, Roberts represents that, not being an attorney, she was under the mistaken impression that the fact that the docket revealed that the case is "STAYED" (as it remained designated until very recently) meant that she did not have to file an answer to the complaint while she attempted to work out an understanding with plaintiff. Roberts further represents that, once she learned that default was being sought against her, she moved quickly to obtain counsel to defend against this action. Finally, Roberts represents that she is committed to working

1

through her present financial difficulties and repaying her loans.

It is well settled that "default judgments are disfavored" and that there is a "a strong policy in favor of decisions on the merits and against resolution of cases through default judgments." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998), citing 10 Moore, supra, § 55.20[2][b]. In determining whether a default judgment is warranted, relevant factors for this court's consideration include "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Id.* In considering these factors, however, this court must be cognizant of the strong presumption in favor of deciding cases on their merits. Indeed, the Fifth Circuit has written that:

> The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver. Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.

*Sun Bank v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

Based upon the above authority, this court concludes that plaintiff's motion for default judgment should be denied. In so concluding, this court notes that plaintiff did not file a rebuttal brief, and, as such, defendants are the only ones who have sought to apply the factors stated above to the facts of this case. Having considered the explanations and arguments offered by defendants in addressing these factors in their brief, this court finds that the strong presumption in favor of deciding cases on their merits supports giving them an additional opportunity to defend against the instant lawsuit. This court is given some pause, however, by the fact that defendants' counsel has recently sought to withdraw from this case. The motion to withdraw

was granted in part by Magistrate Judge Percy, and it is unclear who, if anyone, will be representing Roberts in this action.[1] Regardless, this court warns defendants that they are now being given a second chance to defend against this action but that they should not necessarily expect to be given a third chance to do so (with or without counsel). With this caveat, the motion for default judgment will be denied.

It is therefore ordered that plaintiff's motion for default judgment [9-1] is denied.

So ordered, this the 14th day of August, 2017.

                                          **/s/ MICHAEL P. MILLS**
                                          **UNITED STATES DISTRICT JUDGE**
                                          **NORTHERN DISTRICT OF MISSISSIPPI**

---

[1] Judge Percy denied the motion to withdraw as it relates to iSmile.